**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DISTRICT OF COLUMBIA, | |
| *Plaintiff,* | No. 1:26-cv-01201 |
| v. | |
| ALI RAZJOOYAN, et al., | |
| *Defendant*. | |

**THE DISTRICT OF COLUMBIA'S NOTICE TO WITHDRAW ITS MOTION TO
REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA FOR
<u>LACK OF UNANIMITY</u>**

On April 21, 2026, Plaintiff District of Columbia filed its Motion to Remand to the Superior Court of the District of Columbia for Lack of Unanimity ("Motion"). ECF 2. On April 28, 2026, a Notice of Consent to Removal appeared on the docket that is stamped as filed with the Court by *pro se* Defendants Houri Razjooyan and Eimon Razjooyan on April 15, 2026. ECF 6. The key fact on which the District's Motion was based is no longer accurate, so the District withdraws its Motion to Remand to the Superior Court of the District of Columbia.

On February 12, 2026, the District sued Defendants in the Superior Court of the District of Columbia, asserting claims under the Consumer Protection Procedures Act, False Claims Act, and federal Racketeer Influenced and Corrupt Organizations Act. Defendants were served on March 20, 2026. ECF 2-5. On April 10, 2026, Defendant Ali Razjooyan filed a notice of removal. ECF 1 at para. 3, 14. Because Defendant Ali Razjooyan's notice of removal explicitly stated that Defendants Houri Razjooyan and Eimon Razjooyan did not consent to removal, the District filed

1

its Motion to Remand to the Superior Court of the District of Columbia Based on Lack of Unanimity on April 21, 2026. ECF 2.

On April 23, 2026, Defendant Ali Razjooyan sent via e-mail to counsel for the District a document titled "Notice of Consent to Removal by Defendants Eimon Razjooyan and Houri Razjooyan." The document was dated April 15, 2026 and signed by Defendants Eimon and Houri Razjooyan indicating their consent to Defendant Ali Razjooyan's Notice of Removal. The document contained a stamp indicating that it had been received by the clerk of the United States District Court for the District of Columbia on April 15, however, the Notice of Consent was not yet reflected on PACER. On April 28, 2026, undersigned counsel inquired with the Clerk of Court to determine the authenticity of the Notice of Consent, and the docket was subsequently updated to reflect that the Notice of Consent had been filed on April 15, 2026. *See* ECF 6. Accordingly, it is appropriate for the District to withdraw its Motion.

The District did not immediately move to withdraw its Motion after receiving the document from Ali Razjooyan on April 23, 2026 out of concern that it was fake or fraudulent. Ali Razjooyan has a history of such behavior. In a proceeding in front of the United States Bankruptcy Court for the District of Columbia, Ali Razjooyan presented fake certificates of insurance to the United States Trustee's Office. Exhibit 1, Transcript of Hearing at 64:3-4, *In re 1416 E. Ave NE LLC, et al.*, Case Nos. 24-00180-189 (Bankr. D.D.C. July 18, 2024). In her ruling, Judge Gunn described Ali Razjooyan as "absolutely lacking credibility in this matter" and "elusive, inconclusive, unresponsive, and uncredible on almost every aspect of testimony." *Id.* at Tr. 63:23-64:2. However, as the Clerk of Court has now confirmed that the Notice of Consent had been duly filed prior to the removal deadline, and lack of unaniminty was the basis for the District's Motion, the District withdraws its Motion to Remand.

Dated: April 30, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

COTY MONTAG
Deputy Attorney General
Public Advocacy Division

JOANNA K. WASIK
Chief, Housing and Environmental Justice Section

*/s/ Laura C. Beckerman*
LAURA C. BECKERMAN [1008120]
Senior Trial Counsel
Public Advocacy Division
Laura.Beckerman@dc.gov
(202) 655-7906

/s/ Matthew Meyer
MATTHEW MEYER [1045084]
Assistant Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Matthew.Meyer2@dc.gov
(202) 394-9384
*Attorneys for the District of Columbia*