# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,           :
                                :
Plaintiff,                      :
                                :
v.                              :     Civil Action No. 1:26-cv-01210-CRC
                                :
ALI RAZJOOYAN, et al.,          :
                                :
Defendants.                     :
                                :

## DEFENDANT SAM RAZJOOYAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Defendant Sam Razjooyan, appearing pro se and respectfully submits the following:

## INTRODUCTION

Defendant Sam Razjooyan, appearing pro se, opposes Plaintiff District of Columbia's Motion for Entry of Default. The requested default should be denied because Defendant has appeared and defended this action by removing the case to this Court; because any delay in filing a responsive pleading was brief and not willful, and because the District has not identified any concrete prejudice from allowing the case to proceed on the merits.

In the alternative, if the Court concludes that a responsive pleading was due before this filing, Defendant respectfully asks the Court to construe this opposition together with Defendant's contemporaneously filed motion for extension of time as a request for leave under Rule 6(b)(1)(B) to file an answer, Rule 12 motion, or other responsive pleading within 14 days after the Court rules on the pending remand/default issues, or within any other time the Court sets.



**RECEIVED**

MAY 13 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

<u>BACKGROUND</u>

The District filed this case in the Superior Court of the District of Columbia on February 12, 2026, and also filed a motion for preliminary injunction. The District later moved for alternative service, which the Superior Court granted on March 19, 2026. The District states that service was completed on March 20, 2026.

On March 25, 2026, the Superior Court held an evidentiary hearing on the District's motion for preliminary injunction. The Superior Court docket reflects that no Defendant appeared at that hearing and that numerous exhibits and testimony were received.

On April 10, 2026, the case was removed to this Court. On April 15, 2026, Houri Razjooyan and Eimon Razjooyan filed a notice of consent to removal. On April 29, 2026, the District moved for entry of default, arguing that the deadline to answer expired on April 17, 2026, under Rule 81(c)(2), or at the latest April 22, 2026, for Houri Razjooyan and Eimon Razjooyan.

Defendant does not seek to delay the case. Defendant seeks only a fair opportunity to respond to the Complaint and to have threshold removal and pleading issues resolved before discovery or default proceedings go forward.

<u>ARGUMENT</u>

I. <u>Default is not warranted because Defendant has appeared and otherwise defended.</u>

Rule 55(a) permits entry of default only when a party against whom affirmative relief is sought has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). The phrase 'otherwise defend' matters. Defendant has not ignored the case. The case was removed to this Court, notices were filed in this Court, and Defendant is now opposing the default request and seeking a prompt schedule for a responsive pleading.

The advisory committee notes to Rule 55 recognize that courts have rejected the view that default is proper whenever a defendant's defensive act does not take the form of a pleading specifically described in the Rules. That principle applies here. Removal and subsequent filings show an intent to defend, not abandonment of the case.

The District's motion relies heavily on Rule 81(c)(2). Defendant does not dispute that Rule 81(c)(2) governs the time for a defendant who did not answer before removal. But Rule 81 does not require default as a sanction for a short, non-willful delay where the defendant has appeared, where threshold jurisdictional/remand issues are pending, and where a prompt response can be ordered without prejudice.

II. <u>The D.C. Circuit strongly favors deciding cases on the merits, especially where delay is brief and non-willful.</u>

The D.C. Circuit has repeatedly emphasized that default is a harsh remedy and that genuine disputes should be resolved on the merits. See <u>Keegel v. Key West & Caribbean Trading Co.</u>, 627 F.2d 372, 374 (D.C. Cir. 1980); <u>Jackson v. Beech,</u> 636 F.2d 831, 835-36 (D.C. Cir. 1980). In assessing default issues, courts consider willfulness, prejudice, and whether the party has a potentially meritorious defense. See Keegel, 627 F.2d at 373-74; Jackson, 636 F.2d at 836.

Those considerations favor denial of default. The delay identified by the District is measured in days, not months. Defendant's removal of the case and this filing show that any missed deadline was not a willful refusal to participate. The District identifies no lost evidence, unavailable witness, or other case-specific prejudice. Ordinary litigation delay is not enough to justify default. Defendant also intends to contest the Complaint and preserve all defenses available under Rule 12 and Rule 8.

III. <u>The Court should permit a responsive pleading on a short schedule rather than enter default.</u>

If the Court concludes that the answer deadline expired before this opposition, Rule 6(b)(1)(B) allows an extension on a showing of excusable neglect. The relevant circumstances include the danger of prejudice, the length of delay and its impact on proceedings, the reason for the delay, and good faith. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

Those circumstances support an extension. The delay is short. The District has not shown prejudice. The procedural posture following removal, the consents to removal, the District's remand-related filing, and the pending default motion created threshold issues that should be resolved before default is entered. Defendant is acting in good faith by appearing and seeking a clear pleading deadline.

Accordingly, the Court should deny the motion for entry of default and order Defendant to answer or otherwise respond to the Complaint within 14 days after the Court rules on the District's motion for default, or within another time the Court deems appropriate.

CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Entry of Default and set a reasonable deadline for Defendant to answer, move, or otherwise respond to the Complaint.

Dated: May 13, 2026

Respectfully submitted,

/s/ Sam Razjooyan
Sam Razjooyan, *Pro Se*

CERTIFICATE OF SERVICE

I certify that on May 13, 2026, I served a copy of this filing on counsel for Plaintiff by CM/ECF to registered users and, if required, by email to:

Laura C. Beckerman
Senior Trial Counsel
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Laura.Beckerman@dc.gov


Matthew Meyer
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Matthew.Meyer2@dc.gov

/s/ Sam Razjooyan
Sam Razjooyan