**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DISTRICT OF COLUMBIA**, | ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:26-cv-01210-CRC |
| **ALI RAZJOOYAN,** *et al.*, | ) ) | Hon. Christopher R. Cooper |
| *Defendants*. | ) ) ) | |

**MOTION TO INTERVENE AS PLAINTIFF BY
VELOCITY COMMERCIAL CAPITAL, LLC d/b/a NEW DAY COMMERCIAL CAPITAL**

Velocity Commercial Capital, LLC, d/b/a New Day Commercial Capital ("New Day"), by counsel, hereby respectfully moves to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, alternatively, to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).  In support of intervention, New Day hereby states as follows:

**PRELIMINARY STATEMENT**

New Day has an interest in the subject matter of this litigation, which is not adequately represented by Plaintiff District of Columbia (the "District").  New Day is one of the lenders who was defrauded by Defendants' illegal scheme in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), as specifically alleged in the District's Complaint (¶¶ 95–105).  As set forth in the accompanying *Complaint of Plaintiff-Intervenor Velocity Commercial Capital, LLC d/b/a New Day Commercial Capital*, New Day has its own separate claims for relief under RICO, including compensatory damages currently estimated at over $7 million (and trebled under the statute), plus costs and attorneys' fees.  New Day's RICO claims share, with the District's claims, numerous common questions of law and fact.  And New Day's interests are not

1

adequately represented by the District, as the District explicitly only seeks actual damages sustained by the District and, for some claims, by the tenants—not any damages sustained by defrauded lenders. For the reasons stated below, New Day's intervention should be granted and an appropriate order entered adding New Day as a plaintiff and authorizing its proposed Complaint to be filed and served.

POINTS AND AUTHORITIES

When resolving a motion to intervene, "the well-pleaded allegations in the Complaint are assumed to be true." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 9 (D.D.C. 2010). "Additionally, where appropriate, the Court shall refer to the non-conclusory allegations and record evidence offered by the [intervenor]." *Id*. (citing *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981)). Rule 24 is to be "broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

**I.      New Day is entitled to intervene as a matter of right.**

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a person to intervene in a pending action as of right when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The rule establishes four factors that a trial court must consider in determining whether to grant or deny a motion to intervene: timeliness, interest, impairment of interest, and adequacy of

representation.  *Wildearth Guardians v. Salazar*, 272 F.R.D. at 12–13.  The rule is mandatory: a motion to intervene that meets these four criteria "must" be permitted.  F.R.C.P. 24(a)(2).

New Day meets all four criteria for mandatory intervention.  First, New Day's application for mandatory intervention is "timely" because this Motion was filed within two weeks of the Court's setting a status conference, which indicated that this case would proceed in this Court and not in the DC Superior Court, and within 2 business days of the status conference, which reset the deadlines for Defendants to appear and file responsive pleadings.  Further, this Court has yet to rule on the substance of the District's claims for relief.  *See Akiachak Native Community v. U.S. Dept. of Interior*, 584 F. Supp. 2d 1, 5 (D.D.C. 2008) (intervention was "timely" when sought on the same day that defendants' answer was filed and before any dispositive motions were filed).

Regarding the second requirement (interest), a proposed intervenor need only show that it has "standing to sue in order to demonstrate the existence of a legally protected interest."  *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998).  The "interest" test is aimed at "disposing of disputes with as many concerned parties as may be compatible with efficiency and due process."  *Wildearth Guardians v. Salazar*, 272 F.R.D. at 12–13.  Here, New Day certainly has standing—and an interest—as one of the secured lenders who was defrauded by the illegal racketeering activity of at least one of the Defendants, Ali "Sam" Razjooyan.  In its Complaint, the District specifically alleges that New Day was victimized by Mr. Razjooyan's fraudulent conduct in connection with a $6.61 million loan that New Day extended to one of the multi-family apartment buildings at 4559 Benning Rd SE, Washington, D.C. (the "<u>Benning Road Property</u>") that was part of Defendants' racketeering enterprise.  As a result of this loan fraud, New Day currently expects to incur actual damages in excess of $7 million and thus is a concerned party with an injury-in-fact caused by the Defendants, and therefore has an interest in the matter.

3

Third, New Day's interest would be impaired if it cannot intervene.  An intervenor must "demonstrate only that disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014).  "This burden is minimal." *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999).  Given that the District's allegations include claims regarding Sam Razjooyan's fraudulent scheme directed at New Day and the Benning Road Property, New Day could be practically impaired from bringing successful RICO claims based on the same operative facts.  *See, e.g., Reed v. Quigg*, No. CIV.A. 85-2762, 1986 WL 84371, at *3 (D.D.C. May 13, 1986) (finding intervention appropriate where a ruling by the court could make it more difficult for the intervenor in further litigation); *United States v. All Assets on Deposit & Restrained in Brokerage Acct. No. 20010195 At Safra Nat'l Bank of New York*, No. 23-CV-23730-RAR, 2025 WL 3297815, at *8 (S.D. Fla. Nov. 21, 2025) (impairment element met when adverse decision in suit would hurt proposed intervenor's claim), *report and recommendation adopted*, No. 23-CV-23730-RAR, 2026 WL 778088 (S.D. Fla. Jan. 29, 2026).  Moreover, if New Day were to file its own, separate RICO action, it would be duplicative of the District's pending action and a waste of judicial resources, especially given that the District's action is based, in material part, on Sam Razjooyan's fraudulent scheme directed at New Day and the Benning Road Property.

Finally, New Day's interest is not adequately represented by the District.  In its Complaint, the District seeks relief for Defendants' RICO violations only on behalf of the District and affected tenants, but the District does not seek relief on behalf of New Day (or any other defrauded lender).  If this action were to proceed without New Day's participation and if the District were to prevail on the RICO claims against Defendants, New Day would be afforded no relief and recover no damages on account of the first example of fraud alleged by the District.  Thus, New Day is not

4919-1646-6349.1

adequately represented.  *See U.S. v. Philip Morris USA Inc.*, 566 F.3d 1095, 1147 (D.C. Cir. 2009) (affirming intervention of right by private plaintiffs in government's civil RICO action against tobacco manufacturers so private plaintiffs could pursue remedies not sought by government).

New Day therefore satisfies all of the requirements for mandatory intervention under Rule 24(a)(2) of the Federal Rules of Civil Procedure, and the Motion should be granted.

**II.      Alternatively, New Day should be permitted to intervene.**

Under Rule 24(b)(1) of the Federal Rules of Civil Procedure, on a timely motion, the Court "may permit anyone to intervene who … (B) has a claim or defense that shares with the main action a common question of law or fact." As discussed in the previous section, New Day has its own RICO claim against Defendants based on the same set of operative facts that form at least part of the District's RICO claim against Defendants.  Specifically, both New Day's claim and the District's claim are based on Defendants' fraud and racketeering activity related to the Benning Road Property and New Day's $6.61 million loan that refinanced the Benning Road Property.

Further, intervention will not delay or prejudice any parties because this Motion was filed within two weeks of the Court's setting a status conference, which indicated that this case would proceed in this Court and not in the DC Superior Court, and within 2 business days of the status conference, which reset the deadlines for Defendants to appear and file responsive pleadings. Further, this Court has yet to rule on the substance of the District's claims for relief.  Courts have thus permitted additional plaintiffs to intervene in a pending RICO case where "the claims alleged by the interveners are the same as those previously alleged by plaintiffs" and where "[t]he parties have not engaged in any discovery, so adding new plaintiffs will not require any duplication of discovery nor create any undue delay." *Liner v. DiCresce*, 905 F. Supp. 280, 294 (M.D. N.C.

4919-1646-6349.1

1994).  New Day therefore satisfies all of the requirements for permissive intervention under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, and the Motion should be granted.

**III.     Compliance with Local Civil Rule 7(m).**

In accordance with Local Civil Rule 7(m), counsel for New Day has conferred with counsel for Plaintiff and with Defendants.  Counsel for Plaintiff does not consent to this Motion, and New Day has not received a clear response from Defendants regarding their consent to this Motion.

WHEREFORE, for the reasons stated herein, New Day respectfully requests that the Court grant its Motion to Intervene as a Plaintiff in this action and that the Court enter the proposed order, attached hereto as **Exhibit A**, making New Day a party to this action, requiring the Clerk to docket New Day's Complaint, attached hereto as **Exhibit B**, and granting such additional and/or alternative relief as the Court deems just and proper.

Respectfully Submitted,

Dated: May 18, 2026

*/s/ Jeremy S. Williams*
Jeremy S. Williams (DC Bar No. 994825)
**KUTAK ROCK LLP**
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
jeremy.williams@kutakrock.com


*/s/ Timothy S. Baird*
Timothy S. Baird (DC Bar No. 450242)
**KUTAK ROCK LLP**
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
tim.baird@kutakrock.com

*Counsel for Velocity Commercial Capital, LLC d/b/a New Day Commercial Capital*

6

4919-1646-6349.1

## CERTIFICATE OF SERVICE

I hereby certify that, on this May 18, 2026, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on Plaintiff's and Defendants' counsel of record (if any), as well as any *pro se* parties who consented to receive notices of electronic filing, via the Court's electronic filing system.  I further certify that I served the following individuals by USPS first class mail, postage prepaid:

DISTRICT OF COLUMBIA
Office of the Attorney General
400 6th Street, NW
Washington, DC 20001

EIMON RAZJOOYAN
117 Bytham Ridge Lane
Potomac, MD 20854

ALI RAZJOOYAN
115 Bytham Ridge Lane
Potomac, MD 20854

HOURI RAZJOOYAN
117 Bytham Ridge Lane
Potomac, MD 20854

*/s/ Timothy S. Baird*
Timothy S. Baird

4919-1646-6349.1