**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DISTRICT OF COLUMBIA**, *Plaintiff,* v. **ALI RAZJOOYAN,** *et al.*, *Defendants.* | Case No.: 1:26-cv-01210-CRC |

**THE DISTRICT OF COLUMBIA'S MOTION TO CORRECT CLERICAL ERROR**

Pursuant to Rule 60(a), Plaintiff, the District of Columbia (the "District"), through the Office of the Attorney General, respectfully requests the Court amend its July 17, 2026 Order granting the District's motion for Preliminary Injunction (the "Preliminary Injunction") to correct a clerical error. In three instances, the Preliminary Injunction refers to "3615 B Street NE" instead of the correct address, "3615 B Street SE." Order Granting Mot. For Prelim. Inj. 1. The clerical error only occurs in paragraphs within the Preliminary Injunction that concern Defendant Houri Razjooyan. There are no such errors with respect to the application of the Preliminary Injunction against Defendant Ali Razjooyan.

**INTRODUCTION**

On July 17, 2026, this Court ordered, *inter alia*, that Houri Razjooyan abate "all violations of the District of Columbia's Housing and Property Maintenance Code at 3615 B Street NE," submit proof of abatement for "all violations of the District of Columbia's Housing and Property Maintenance Code at 3615 B Street NE," as well as "submit proof of licensure for all persons hired to perform abatement work at B Street NE." *Id*. However, 3615 B Street NE is a clerical error, and the correct address is 3615 B Street SE. 3615 B Street NE is not an address that exists in the District

of Colombia, and the Preliminary Injunction should be amended to the correct address of 3615 B Street SE.

## ARGUMENT

Correction of the Preliminary Injunction is permissible under Rule 60(a). Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Id*. Rule 60(a) applies "when the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight did another." *Fanning v. George Jones Excavating L.L.C*, 312 F.R.D. 238, 239 (D.D.C. 2015) (citing 12 Moore's Federal Practice § 60.11[1][a] (3d ed. 2015)); *see also* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2854 (3d ed. 2026) ("[A] motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.").

The record clearly indicates that the mistake in the Preliminary Injunction is clerical in nature, and that the address intended to be covered by the Preliminary Injunction is 3615 B Street SE, not 3615 B Street NE. First, 3615 B Street SE, the correct address, is referenced earlier in the Preliminary Injunction ordering Defendant Sam Razjooyan to abate all violations of the District of Columbia's Housing and Property Maintenance Code at the property.[1] *Id*. Previous references to 3615 B Street SE in the Preliminary Injunction, accompanying memorandum, and the District's motion for Preliminary Injunction and Proposed Order correctly place it at 3615 B Street SE.[2] *Id*; Pls' Compl. 13:46, 45:197, 50:223; Pls' Mot. Prelim. Inj. 17–18.

---

[1] The Preliminary Injunction is correct as to Sam Razjooyan, and needs no amendment as to him.
[2] The Court listed the correct address (3615 B Street SE) in the section header of the memorandum accompanying the Preliminary Injunction, but the incorrect address directly after in the body of the section.

Second, 3615 B Street NE does not exist in the District. The District refers to the SE address in its initial Complaint and its Motion for Preliminary Injunction and accompanying proposed order. Pls' Compl. 13:46, 45:197, 50:223; Pls' Mot. Prelim. Inj. 17–18.

Amending the Preliminary Injunction to reflect the correct address is a clerical change, not a material one. The "legal rights and obligations memorialized in the judgment" therefore do not change, the judgement is "simply clarified." *Internet Financial Services, LLC v. Law Firm of Larson-Jackson, P.C.*, 394 F.Supp.2d 1, 4 (D.D.C. 2005). The requested correction has no effect on the existing Preliminary Injunction order against Defendant Sam Razjooyan, and given the non-material nature of the correction, the District submits that amending the Preliminary Injunction does not impact the deadline for Defendant Houri Razjooyan to comply with its terms.

**CONCLUSION**

The District respectfully requests that the Court correct the clerical error and amend its order pursuant to Rule 60(a) to delete "NE" following any reference to 3615 B Street and insert "SE" in its place.

Dated: August 7, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

COTY MONTAG
Deputy Attorney General
Public Advocacy Division

JOANNA K. WASIK
Chief, Housing and Environmental Justice Section
MICHAEL MAURER
Assistant Chief

*/s/ Laura C. Beckerman*

3

LAURA C. BECKERMAN [1008120]
Senior Trial Counsel
Public Advocacy Division
Laura.Beckerman@dc.gov
(202) 655-7906

*/s/ Matthew Meyer*
MATTHEW MEYER [1045084]
KATHRYN L. BLANCO [90040716]
Assistant Attorneys General
400 6th Street NW, 10th Floor
Washington, DC 20001
Matthew.Meyer2@dc.gov
(202) 394-9384

*Attorneys for the District of Columbia*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 7, 2026, I caused a copy of this filing to be served via the Court's ECF filing system to all Defendants so registered and via USPS First Class Mail to the addresses listed below.

Ali Razjooyan
115 Bytham Ridge Ln.
Potomac, MD 20854

Houri Razjooyan
117 Bytham Ridge Ln.
Potomac, MD 20854

Eimon Razjooyan
117 Bytham Ridge Ln.
Potomac, MD 20854

/s/ *Matthew W. Meyer*
MATTHEW W. MEYER
