IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

Plaintiff,

v. Civil Action No. 1:26-cv-01210-CRC

ALI RAZJOOYAN, et al.,

Defendants.

DEFENDANT ALI "SAM" RAZJOOYAN'S MOTION TO DISMISS THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Ali "Sam" Razjooyan, proceeding pro se and only on his own behalf, respectfully moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). This motion is filed contemporaneously with Defendant's Motion to Set Aside Clerk's Entry of Default and for Leave to File Rule 12(b)(6) Motion Out of Time. Defendant requests that the Court grant leave and consider this motion as a permitted pre-answer Rule 12(b)(6) motion.

INTRODUCTION

The Complaint presents a broad narrative about many properties, entities, transactions, individuals, and proceedings. But it does not consistently identify the particular allegedly fraudulent statements or omissions made by Sam Razjooyan, the dates and recipients of those statements, the particular claims for payment that he allegedly caused, or facts supporting the required knowledge, causation, and individual-liability elements. Instead, it repeatedly attributes conduct to "Defendants" or an alleged "Enterprise." That collective approach does not sufficiently plead the fraud-based and individual claims asserted against Sam Razjooyan.

## LEGAL STANDARD

To survive Rule 12(b)(6), a complaint must plead sufficient factual matter to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Legal conclusions and formulaic recitations of elements do not suffice. Iqbal, 556 U.S. at 678.

Claims grounded in fraud must also satisfy Rule 9(b) by stating the circumstances constituting fraud with particularity. Rule 9(b) applies to fraud-based False Claims Act and RICO allegations. See United States ex rel. Folliard v. Comstor Corp., 308 F. Supp. 3d 56, 90–91 (D.D.C. 2018); East Savings Bank, FSB v. Papageorge, 31 F. Supp. 3d 1, 12–13 (D.D.C. 2014).

## ARGUMENT

### I. COUNTS ONE AND TWO DO NOT ADEQUATELY PLEAD A RICO CLAIM AGAINST SAM RAZJOOYAN.

Count One invokes 18 U.S.C. § 1962(c), and Count Two invokes § 1962(a). Both counts incorporate hundreds of paragraphs and assert that all Defendants operated a single enterprise through various alleged predicate acts. The Complaint does not identify, with the particularity required for fraud predicates, which alleged mailing, wire communication, bank submission, or obstruction act Sam personally made, authorized, or caused; its date; its sender and recipient; its content; and how that communication furthered a particular fraudulent scheme.

The Complaint's use of collective references to "Defendants" and the "Enterprise" cannot substitute for factual allegations establishing Sam's personal participation in each asserted predicate act, the required fraudulent intent, or the proximate causal connection between a RICO violation and a legally cognizable injury to the District. Nor does Count Two identify an injury caused by the alleged investment or use of racketeering income, as distinct from injury allegedly caused by predicate acts. The conclusory

assertion that all Defendants used alleged racketeering income to operate an enterprise is insufficient under Rules 8 and 9(b).

## II. <u>COUNT THREE DOES NOT PARTICULARLY PLEAD FALSE CLAIMS OR KNOWLEDGE ATTRIBUTABLE TO SAM RAZJOOYAN.</u>

Count Three alleges that Defendants induced the District to enter HAP contracts and submitted claims based on false habitability certifications. The Count does not identify the specific certification or claim for payment that Sam personally submitted or caused, the date of the certification or claim, the recipient, the particular allegedly false statement, the relevant property and unit, or facts supporting knowledge that the identified statement was false when made.

Allegations that conditions later existed at certain properties, without more, do not plausibly establish that Sam knowingly made a false certification at the time of a particular HAP certification or payment claim. The Count therefore does not plead a false claim, materiality, or scienter against Sam with the required particularity.

## III. <u>COUNT FOUR DOES NOT PLEAD A PRESENT, ENFORCEABLE REPAYMENT OBLIGATION OR KNOWING AVOIDANCE WITH THE REQUIRED FACTUAL SPECIFICITY.</u>

Count Four alleges that Sam received subsidy payments after receiverships or bankruptcy trusteeships began and knowingly failed to return $806,002. The Count does not identify the particular payment, date, recipient account, governing receivership or bankruptcy order, terms creating Sam's personal obligation to transmit or repay a particular payment, or facts establishing that Sam knew the payment was not due and knowingly avoided a legally existing repayment obligation.

The assertion that payments should have been paid to a receiver or trustee does not itself establish that Sam personally had a legally enforceable obligation to pay money to the District under D.C. Code § 2-381.02(a)(6), nor does it identify facts distinguishing an alleged inadvertent overpayment

from a disputed payment received through a separate entity. Count Four should be dismissed without prejudice.

## IV. COUNT FIVE DOES NOT ADEQUATELY PLEAD INDIVIDUAL CPPA LIABILITY AGAINST SAM RAZJOOYAN.

Count Five alleges that the Defendants collectively made misrepresentations to tenants, failed to disclose conditions, operated without required licenses, and violated various codes. But the Complaint does not identify the tenants to whom Sam personally made a representation or omitted a fact, the statement or omission, when it occurred, why it was misleading, or facts establishing that he personally participated in, controlled, or knowingly authorized the specific deceptive practice at issue.

The Complaint also treats housing-code and licensing allegations as automatically establishing individual CPPA liability. A pleading must instead allege facts connecting the individual defendant to the particular alleged unfair or deceptive practice. The collective allegations do not meet that standard.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint against him without prejudice, or alternatively dismiss Counts One through Five without prejudice and grant the District a defined period to amend if it can plead facts sufficient to state a claim against Sam Razjooyan individually.

Dated: August 21, 2026

Respectfully submitted,

/s/ Ali "Sam" Razjooyan
Ali "Sam" Razjooyan, Pro Se
115 Bytham Ridge Lane
Potomac, Maryland 20854
sam.razjooyan@gmail.com

CERTIFICATE OF SERVICE

I CERTIFY that on August 21, 2026, I served this Motion to Dismiss on Plaintiff's counsel through the Court's CM/ECF system and, to the extent required, by electronic mail to:

Laura C. Beckerman
Senior Trial Counsel
Office of the Attorney General for the District of Columbia
Laura.Beckerman@dc.gov

Matthew Meyer
Assistant Attorney General
Office of the Attorney General for the District of Columbia
Matthew.Meyer2@dc.gov

Kathryn Blanco
Assistant Attorney General
Office of the Attorney General for the District of Columbia

/s/ Ali "Sam" Razjooyan
Ali "Sam" Razjooyan