IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

Plaintiff,

v. Civil Action No. 1:26-cv-01210-CRC

ALI RAZJOOYAN, et al.,

Defendants.

DEFENDANT ALI "SAM" RAZJOOYAN'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT, FOR LEAVE TO FILE RULE 12(b)(6) MOTION OUT OF TIME, AND FOR EXPEDITED CONSIDERATION

Defendant Ali "Sam" Razjooyan, proceeding pro se and solely on his own behalf, respectfully moves under Federal Rules of Civil Procedure 55(c), 6(b)(1)(B), and 7(b) for an order: (1) setting aside the Clerk's entry of default; (2) granting leave to file the concurrently submitted Rule 12(b)(6) motion to dismiss out of time; and (3) considering this motion on an expedited basis. In the alternative, if the Court denies leave to file the Rule 12(b)(6) motion, Defendant requests seven days from the Court's order to file an Answer.

This is an entry of default, not a default judgment. Prompt relief will preserve a merits adjudication while avoiding the need for further default proceedings.

LCvR 7(m) STATEMENT

Defendant is proceeding pro se. Given the urgent post-default posture, Defendant respectfully requests expedited consideration. Defendant has served this motion promptly on the District's counsel of record and requests that the Court decide the motion on the papers or establish an expedited response schedule.

## BACKGROUND

1. The District filed this civil-enforcement action in Superior Court on February 12, 2026. Defendant removed the action to this Court on April 10, 2026.
2. The Court later resolved the District's preliminary-injunction motion in part and directed Defendants to answer or otherwise respond to the Complaint by August 6, 2026.
3. On August 12, 2026, the District renewed its request for an entry of default. On August 18, 2026, the Court construed that filing as a Rule 55(a) request and directed it to the Clerk for resolution.
4. The Clerk has now entered default. No default judgment has been entered.
5. Defendant has prepared and contemporaneously filed a Rule 12(b)(6) motion to dismiss. He requests leave to file that motion now. If the Court denies leave to file the Rule 12(b)(6) motion, Defendant requests seven days from the Court's order to file an Answer.

## ARGUMENT

### I. THE CLERK'S ENTRY OF DEFAULT SHOULD BE SET ASIDE FOR GOOD CAUSE.

Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of default for good cause. The governing D.C. Circuit considerations are whether the default was willful, whether vacatur would prejudice the plaintiff, and whether the defendant has asserted a meritorious defense. Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373–74 (D.C. Cir. 1980); Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980). These considerations favor relief.

#### a. The default was not willful.

Defendant did not abandon this litigation. He removed the action, participated in the case's preliminary-injunction litigation, submitted a compliance-status report after the Court's preliminary-injunction ruling, and prepared an Answer. His failure to file a responsive pleading by the August

6 deadline was not a calculated decision to disregard the Court; it occurred while he was proceeding without counsel in a procedurally complex action involving removal, default proceedings, an injunction proceeding, and related compliance matters.

b. Vacatur will not cause cognizable prejudice to the District.

The short period between the August 6 deadline and this prompt request does not impair the District's ability to litigate its claims. The District has not obtained a default judgment, and vacatur would merely require it to address a responsive motion or Answer on the merits. Ordinary delay and the prospect of litigating disputed claims do not constitute the prejudice that justifies default. Keegel, 627 F.2d at 374; Jackson, 636 F.2d at 836.

c. Defendant has tendered meritorious defenses.

A defendant need not prove his defenses at this stage; it is sufficient to identify defenses that, if established, would defeat or materially limit liability. Keegel, 627 F.2d at 374. Defendant's Rule 12(b)(6) motion identifies substantial pleading defects, including whether the Complaint adequately pleads fraud-based predicate acts, scienter, individual participation, causation, a cognizable RICO investment injury, a knowing false claim, a knowing obligation to repay the alleged payments, or individual CPPA liability. Defendant also disputes the attribution to him of conduct by separate LLCs, third parties, employees, and other defendants.

II. EXCUSABLE NEGLECT SUPPORTS LEAVE TO FILE THE TENDERED RULE 12 MOTION OUT OF TIME.

After a deadline has expired, Rule 6(b)(1)(B) permits an extension on motion when the failure to act resulted from excusable neglect. The inquiry is equitable and considers prejudice, the length and effect of delay, the reason for the delay and whether it was within the movant's control, and good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Those factors support relief. Defendant sought relief promptly after the Clerk's entry; the delay is limited; no scheduling order or trial date will be disrupted by resolving a threshold motion; the District will suffer no case-specific prejudice; and Defendant has acted in good faith by promptly filing a defined Rule 12(b)(6) motion rather than seeking an open-ended extension. The pro se posture and the procedural complexity of the case do not excuse noncompliance by themselves, but they are relevant circumstances when evaluated with Defendant's active participation and prompt corrective action.

## III. EXPEDITED CONSIDERATION IS WARRANTED.

The Clerk's entry of default creates an immediate risk that the District will seek default judgment. The requested relief is narrow, fully briefed, and supported by the concurrently tendered responsive filings. An expedited ruling will conserve judicial and party resources by determining whether this case proceeds on the merits before default-judgment litigation begins.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

A. Set aside the Clerk's entry of default against Defendant Ali "Sam" Razjooyan under Rule 55(c);

B. Grant Defendant leave under Rule 6(b)(1)(B) to file the attached Rule 12(b)(6) motion out of time and deem that motion filed as of the date of the Court's order;

C. Set an expedited schedule for any opposition and reply, or decide the motion on the papers;

D. Alternatively, if the Court denies leave to file the Rule 12(b)(6) motion, permit Defendant to file an Answer within seven days after the Court's order; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: August 21, 2026

Respectfully submitted,

/s/ Ali "Sam" Razjooyan

Ali "Sam" Razjooyan, Pro Se
115 Bytham Ridge Lane
Potomac, Maryland 20854
sam.razjooyan@gmail.com

# DECLARATION OF ALI "SAM" RAZJOOYAN

I, Ali "Sam" Razjooyan, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am a defendant in this action and submit this declaration in support of my Motion to Set Aside Clerk's Entry of Default and for Leave to File a Rule 12(b)(6) Motion Out of Time.
2. I am proceeding pro se in this action.
3. I removed this action to federal court on April 10, 2026. I also participated in the litigation concerning the District's request for preliminary injunctive relief.
4. After the Court's preliminary-injunction order, I submitted a compliance-status report. I have continued to attempt to respond to the claims and orders in this litigation.
5. I did not intentionally disregard the August 6, 2026 deadline to answer or otherwise respond to the Complaint. I did not intend to abandon this case or permit a default.
6. I have prepared and filed a Rule 12(b)(6) motion to dismiss that identifies substantial pleading deficiencies, including lack of adequately pleaded scienter, individual liability, causation, and fraud particularity, as well as improper attribution of separate entities' conduct.
7. I seek relief promptly following the Clerk's entry of default. I request leave to file the Rule 12(b)(6) motion now. If the Court denies that leave, I request seven days from the Court's order to file an Answer.
8. I believe that the District will not be prejudiced if the entry of default is set aside. The District's claims can be resolved on the merits, and no default judgment has been entered.
9. I respectfully request that the Court set aside the entry of default and permit me to file the attached proposed motion to dismiss. If the Court denies leave to file that motion, I respectfully request seven days to file an Answer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2026.

/s/ Ali "Sam" Razjooyan
Ali "Sam" Razjooyan

## CERTIFICATE OF SERVICE

I CERTIFY that on August 21, 2026, I served this Motion, the accompanying Declaration, the proposed order, and the Rule 12(b)(6) Motion to Dismiss on Plaintiff's counsel through the Court's CM/ECF system and, to the extent required, by electronic mail to:

Laura C. Beckerman
Senior Trial Counsel
Office of the Attorney General for the District of Columbia
Laura.Beckerman@dc.gov

Matthew Meyer
Assistant Attorney General
Office of the Attorney General for the District of Columbia
Matthew.Meyer2@dc.gov

Kathryn Blanco
Assistant Attorney General
Office of the Attorney General for the District of Columbia

/s/ Ali "Sam" Razjooyan
Ali "Sam" Razjooyan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

Plaintiff,

v. Civil Action No. 1:26-cv-01210-CRC

ALI RAZJOOYAN, et al.,

Defendants.

ORDER GRANTING DEFENDANT ALI "SAM" RAZJOOYAN'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND FOR LEAVE TO FILE RESPONSIVE PAPERS OUT OF TIME

Upon consideration of Defendant Ali "Sam" Razjooyan's Motion to Set Aside Clerk's Entry of Default and for Leave to File Rule 12(b)(6) Motion Out of Time, any opposition, any reply, and the entire record, it is hereby

ORDERED that the Clerk's entry of default against Defendant Ali "Sam" Razjooyan is SET ASIDE under Federal Rule of Civil Procedure 55(c); and it is further

ORDERED that Defendant is granted leave under Federal Rule of Civil Procedure 6(b)(1)(B) to file his tendered Rule 12(b)(6) Motion to Dismiss, which shall be deemed filed as of the date of this Order; and it is further

ORDERED that Plaintiff shall file any opposition within fourteen days of this Order, and Defendant may file a reply within seven days after service of any opposition; and it is further

ORDERED that, if the Court denies Defendant leave to file the Rule 12(b)(6) Motion to Dismiss, Defendant may file an Answer within seven days of the Court's order.

SO ORDERED.

Date: ____________________
CHRISTOPHER R. COOPER
United States District Judge