IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

Plaintiff,

v. Civil Action No. 1:26-cv-01210-CRC

ALI RAZJOOYAN, et al.,

Defendants.

DEFENDANT HOURI RAZJOOYAN'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT, FOR LEAVE TO FILE RULE 12(b)(6) MOTION OUT OF TIME, AND FOR EXPEDITED CONSIDERATION

Defendant Houri Razjooyan, proceeding pro se and solely on her own behalf, respectfully moves under Federal Rules of Civil Procedure 55(c), 6(b)(1)(B), and 7(b) for an order: (1) setting aside the Clerk's entry of default; (2) granting leave to file the concurrently submitted Rule 12(b)(6) motion to dismiss out of time; and (3) considering this motion on an expedited basis. In the alternative, if the Court denies leave to file the Rule 12(b)(6) motion, Defendant requests seven days from the Court's order to file an Answer.

This is an entry of default, not a default judgment. Prompt relief will preserve a merits adjudication while avoiding further default proceedings.

LCvR 7(m) STATEMENT

Defendant is proceeding pro se. Given the urgent post-default posture, Defendant respectfully requests expedited consideration and a decision on the papers or an expedited response schedule.

BACKGROUND

1. The District filed this action in Superior Court on February 12, 2026. Defendant consented to removal to this Court on April 15, 2026.

RECEIVED
AUG 21 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2. After the Court's preliminary-injunction ruling, Defendant filed a status report, entered on the docket on August 14, 2026.
3. The Court's July 16, 2026 order directed Defendants to answer or otherwise respond to the Complaint by August 6, 2026.
4. The District sought entry of default against all Defendants on August 12, 2026. The Court construed that filing as a Rule 55(a) request and directed it to the Clerk. The Clerk has now entered default. No default judgment has been entered.
5. Defendant has prepared and contemporaneously filed a Rule 12(b)(6) motion to dismiss. If the Court denies leave to file that motion, Defendant requests seven days from the Court's order to file an Answer.

## ARGUMENT

### I. GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT.

Rule 55(c) permits the Court to set aside an entry of default for good cause. The D.C. Circuit considers whether the default was willful, whether set-aside would prejudice the plaintiff, and whether the defendant has asserted a meritorious defense. Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373–74 (D.C. Cir. 1980); Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980).

#### a. The default was not willful.

Houri did not ignore or abandon this case. She consented to removal, responded in the federal action, and filed a post-injunction status report. Her missed responsive-pleading deadline occurred while she was proceeding pro se in a complex, multi-defendant action involving removal, preliminary-injunction litigation, compliance obligations, and default proceedings. The default was not a calculated refusal to defend.

#### b. Vacatur will not prejudice the District.

The District has not obtained a default judgment. Vacatur would simply require the District to address a Rule 12 motion or an Answer on the merits. The short delay does not impair evidence, witnesses, or the District's

ability to litigate its claims. Ordinary litigation delay is not cognizable prejudice for Rule 55(c) purposes.

c. Houri has meritorious defenses.

Houri need not prove her defenses at this stage. It is sufficient to identify defenses that could defeat or materially limit liability if established. Keegel, 627 F.2d at 374. Her Rule 12(b)(6) motion identifies deficiencies in the Complaint's collective allegations and its failure to plead Houri's personal participation, scienter, a particular fraudulent claim, causation, an enforceable repayment obligation, or a sufficient basis for individual RICO, D.C. False Claims Act, or CPPA liability.

## II. EXCUSABLE NEGLECT WARRANTS LEAVE TO FILE THE RULE 12(b)(6) MOTION OUT OF TIME.

Rule 6(b)(1)(B) authorizes an extension after expiration of the deadline upon excusable neglect. The inquiry considers prejudice, delay and its impact on proceedings, the reason for delay and control over it, and good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

The factors favor relief. Houri acted promptly after default, seeks a defined responsive filing rather than an open-ended extension, and presents nonfrivolous pleading defenses. No scheduling order or trial date will be disrupted by resolving the threshold motion, and the District identifies no case-specific prejudice from allowing this case to proceed on the merits.

## III. EXPEDITED CONSIDERATION IS WARRANTED.

The Clerk's entry of default creates an immediate risk of a default-judgment request. Prompt disposition will conserve resources and allow the Court to determine the parties' rights on the merits.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

A. Set aside the Clerk's entry of default against Houri Razjooyan under Rule 55(c);

B. Grant leave under Rule 6(b)(1)(B) to file the attached Rule 12(b)(6) motion out of time and deem it filed as of the date of the Court's order;

C. Set an expedited opposition and reply schedule, or decide the motion on the papers;

D. Alternatively, if the Court denies leave to file the Rule 12(b)(6) motion, permit Defendant to file an Answer within seven days after the Court's order; and

E. Grant such other relief as the Court deems just.

Dated: August 21, 2026

Respectfully submitted,

/s/ Houri Razjooyan Houri
Razjooyan, Pro Se 117
Bytham Ridge Lane
Potomac, Maryland 20854

# DECLARATION OF HOURI RAZJOOYAN

I, Houri Razjooyan, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am a defendant in this action and submit this declaration in support of my Motion to Set Aside Clerk's Entry of Default and for Leave to File a Rule 12(b)(6) Motion Out of Time.
2. I am proceeding pro se.
3. I consented to removal of this case to federal court. After the Court's preliminary-injunction ruling, I filed a status report.
4. I did not intentionally disregard the August 6, 2026 deadline to answer or otherwise respond to the Complaint. I did not intend to abandon this case or allow a default.
5. I have filed a Rule 12(b)(6) motion identifying substantial pleading deficiencies as to claims asserted against me individually.
6. I seek relief promptly after learning that the Clerk entered default. If the Court denies leave to file the Rule 12(b)(6) motion, I request seven days from the Court's order to file an Answer.
7. I believe the District will not be prejudiced by vacatur because no default judgment has been entered and this matter may be resolved on the merits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2026.

/s/ Houri Razjooyan
Houri Razjooyan

# CERTIFICATE OF SERVICE

I CERTIFY that on August 21, 2026, I served this Motion, the accompanying Declaration, the proposed order, and the Rule 12(b)(6) Motion to Dismiss on Plaintiff's counsel through the Court's CM/ECF system and, to the extent required, by electronic mail to:

Laura C. Beckerman
Senior Trial Counsel
Office of the Attorney General for the District of Columbia
Laura.Beckerman@dc.gov

Matthew Meyer
Assistant Attorney General
Office of the Attorney General for the District of Columbia
Matthew.Meyer2@dc.gov

Kathryn Blanco
Assistant Attorney General
Office of the Attorney General for the District of Columbia

/s/ Houri Razjooyan
Houri Razjooyan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

Plaintiff,

v. Civil Action No. 1:26-cv-01210-CRC

ALI RAZJOOYAN, et al.,

Defendants.

ORDER GRANTING DEFENDANT HOURI RAZJOOYAN'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND FOR LEAVE TO FILE RULE 12(b)(6) MOTION OUT OF TIME

Upon consideration of Defendant Houri Razjooyan's Motion, any opposition, any reply, and the entire record, it is hereby

ORDERED that the Clerk's entry of default against Houri Razjooyan is SET ASIDE under Rule 55(c); and it is further

ORDERED that Defendant is granted leave under Rule 6(b)(1)(B) to file the attached Rule 12(b)(6) Motion to Dismiss, which shall be deemed filed as of the date of this Order; and it is further

ORDERED that Plaintiff shall file any opposition within fourteen days of this Order, and Defendant may file a reply within seven days after service of any opposition; and it is further

ORDERED that, if the Court denies Defendant leave to file the Rule 12(b)(6) Motion to Dismiss, Defendant may file an Answer within seven days of the Court's order.

SO ORDERED.

Date: ______________________
CHRISTOPHER R. COOPER
United States District Judge