IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br>*Plaintiff*,<br>v.<br>ALI RAZJOOYAN, et al.,<br>*Defendants*. | No. 1:26-cv-01210-CRC<br><br>Oral Hearing Requested |

**PLAINTIFF THE DISTRICT OF COLUMBIA'S STATEMENT OF OPPOSING POINTS AND AUTHORITIES IN OPPOSITION TO SAM RAZJOOYAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant Ali ("Sam") Razjooyan ("Defendant") has filed a Motion to Set Aside Entry of Default ("Motion") in yet another cynical attempt to delay accountability for running an illegal housing empire in the District of Columbia. The District's 87-page Complaint lays out in excruciating detail Sam Razjooyan's illegal conduct. In Defendant's brief and fact free Motion, he fails to provide facts to establish that 1) his default was not willful, 2) he has meritorious defenses, or 3) setting aside the default will not prejudice the District. For these reasons, Defendant's Motion should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Since late 2015, Sam Razjooyan has operated an Enterprise that has owned or controlled over 40 multi-family residential properties, comprising over 70 buildings and over 600 rental units in the District. ECF 1-17, Complaint ¶ 41, Appendix A. Defendant defrauded the District's housing subsidy programs out of over $16 million and left tenants to live in illegal, inhumane conditions. *Id.* ¶¶ 8-13. To gain the funds to acquire properties, refinance loans, and enrich themselves, Defendants and Enterprise participants have submitted fake rent rolls, questionable

appraisals, and other fraudulent documents to lenders to make the properties appear much more valuable than they actually were and to take out loans based on those fraudulently inflated valuations. *Id.* ¶¶ 3-7.

The District filed its Complaint (and a Motion for Preliminary Injunction) against Defendants in Superior Court on February 12, 2026, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO"), the District's False Claims Act, D.C. Code §§ 2-381.01, *et seq*. ("FCA"), and the Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et seq*. ("CPPA"). ECF 1-17 at ¶ 1. Defendant Sam Razjooyan attempted to avoid service of the District's Complaint for several weeks but was effectively served via alternative service on March 20, 2026. ECF 2-5 at ¶ 3. Defendant's initial deadline to answer was April 10, 2026.

Despite being served with the District's Complaint, the Motion for Preliminary Injunction, and the Court's Order scheduling an evidentiary hearing on the Motion for Preliminary Injunction, Defendant did not appear for the March 25, 2026 hearing on the Motion. Instead, after the hearing, Defendant filed a Notice of Removal to the United States District Court for the District of Columbia on April 10, 2026. ECF 1. On April 29, 2026, the District filed its First Motion for Entry of Default when Defendant had not answered or otherwise responded to the Complaint by his new, post-removal deadline of April 17, 2026. FRCP 81(c); 12(b). By Minute Order on May 15, 2026, the Court set Defendant Sam Razjooyan's deadline to file an Answer or otherwise respond to the Complaint for 21 days after the Court's ruling on the Motion for Preliminary Injunction. The Court granted the District's Motion for Preliminary Injunction on July 16, 2026 and set the deadline for Defendant to file an Answer on August 6, 2026.

Defendant again failed to timely file an Answer to the District's Complaint. On August 12, 2026, the District filed its Second Motion for Entry of Default. ECF 38. The clerk entered default against Sam Razjooyan on August 20, 2026. ECF 43. Sam Razjooyan then filed the Motion at issue here.

## II. ARGUMENT

Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of default for good cause. To determine whether there is good cause to set aside an entry of default, factors that must be balanced are whether: (1) the default was willful, (2) the alleged defense was meritorious, and (3) setting aside the default would prejudice plaintiff. *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co*., 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)). Courts have found that similarly situated Defendants are not entitled to vacate the entry of default. *See Int'l Painters*, 288 F. Supp. 2d at 26-31 (denying motion to vacate when defendant chose to not timely file answer due to ongoing settlement negotiations, failed to plead meritorious defenses, and plaintiff would be prejudiced by litigating claims without meritorious defense).

### A. Defendant Sam Razjooyan's Failure to Answer the Complaint Was Willful.

Defendant was aware of the impending, and previously extended, deadline to file his Answer and deliberately chose not to respond. A finding of bad faith is not a necessary predicate to the conclusion that a defendant acted willfully. *Int'l Painters*, 288 F. Supp. 2d at 26 ("The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable.") (citing *Gucci Am., Inc. v. Gold Center Jewelry,* 158 F.3d 631, 635 (2d Cir. 1998)) (reversing a district court's vacation of default judgment where defendants were aware that a lawsuit was pending against them yet made a deliberate decision

not to respond). Defendant offers no legitimate excuse, such as a filing error, for his failure to respond. He does not even state that the failure to respond was a mistake or error. Therefore, he has conceded that he was aware of this Court's deadline and still did not comply with it.

Defendant claims that his failure to answer was not willful because he is proceeding *pro se* in a procedurally complex action. ECF 45 at 2. First, proceeding *pro se* does not excuse his failure to timely answer. Indeed, this Court has previously declined to vacate defaults when pro se litigants fail to obtain counsel and do not timely answer. *See, e.g.*, *Killingham v. D.C. Ctr. for Indep. Living, Inc.,* 1998 WL 1148899, at *8 (D.D.C. Sept. 30, 1998) ("To this day, defendant has never offered any explanation for its failure to follow the rules of this Court or heed the Court's admonition to obtain counsel."). Second, Defendant's claim elides the fact that, since at least March 2026, Defendant has engaged counsel for the purposes of settlement only and has chosen not to engage this counsel to handle litigation. Exhibit 1 (Email Exchange with Settlement Counsel) (redacted in compliance with Rule 408). Courts view the decision to engage counsel for the purposes of settlement, but not litigation, as a choice weighing in favor of a finding of willfulness. *See Int'l Painters*, 288 F. Supp. 2d at 26-27 (citing *Brand v. NCC Corp.*, 540 F. Supp. 562, 564 (E.D. Pa. 1982)).

Further, Defendant is not the naive *pro se* litigant he portrays himself to be in his Motion and has a long history of thumbing his nose at court procedure and engaging in deception. He has ignored court deadlines in the many lawsuits in which he is currently a Defendant, resulting in sanctions or default. *See* Exhibit 2, *District of Columbia v. Oscar Portillo Padilla*, D.C. Superior Court Case No. 2024-CAB-005590, May 14, 2026 Order (sanctioning Defendant Sam Razjooyan for failing to appear for a scheduled deposition); Exhibit 3, *District of Columbia v. Bennington Corporation,* D.C. Superior Court Case No. 2018-CAB-007253, January 7, 2026 Order (finding

Defendant Sam Razjooyan in Default); Exhibit 4, *District of Columbia v. 1644 W Street SE LLC,* D.C. Superior Court Case No. 2024-CAB-005588, January 16, 2026 Order (sanctioning Defendant Sam Razjooyan for failing to respond to discovery requests). Sam Razjooyan also repeatedly lied to the District of Columbia Bankruptcy Court, including about his ownership interest in certain LLCs, and submitted forged proofs of insurance and illegally transferred funds without authorization of the Bankruptcy Court. Transcript of Hearing, *In re 1416 Eastern Ave NE LLC, et al.*, Case Nos. 24-00180 to 24-189 (D.D.C. Bankr. July 18, 2024) at Tr. 10:1-15:19, 17:17-18:18 (summarizing evidence), 64:3-66:3 (Bankruptcy Court's findings regarding evidence) (attached as Exhibit 5). Defendant is a veteran litigant who well understands the meaning of court-imposed deadlines yet routinely ignores them and has chosen to engage counsel only for purposes of settlement. There are no facts to support the conclusion that the failure to abide by this Court's deadline was anything other than willful.

**B. Defendant Has Failed To Raise Meritorious Defenses.**

To vacate an entry of default, a defendant must assert meritorious defenses he may prove at trial. *Whelan v. Abell,* 48 F.3d 1247, 1259 (D.C. Cir. 1995). To meet this requirement, a defendant "must present evidence of facts that, if proven at trial, would constitute a *complete* defense." *Gillespie v. Capitol Reprographics, LLC,* 573 F.Supp.2d 80, 87 (D.D.C.2008) (emphasis added) (*quoting New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)). Where a court "cannot find 'even a hint of a suggestion' of a meritorious defense in defendants' proposed answer such that the factfinder might have 'some determination to make' in defendants' favor," courts decline to vacate the default. *Nat'l Rest. Ass'n Educ. Found. v. Shain*, 287 F.R.D. 83, 87 (D.D.C. 2012) (*quoting Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)); *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F. 3d 57, 61 (2d Cir. 1996)). This is because "a proposed defense is not meritorious if it 'lacks any basis in fact.'" *Shain*, 287 F.R.D.

at 87 (*citing Gillespie v. Capitol Reprographics, LLC*, 573 F. Supp. 2d 80, 87 (D.D.C. 2008)). Here, Defendant Sam Razjooyan fails to put forth facts to support any defense, and even a charitable reading of the Motion does not reveal anything constituting a complete defense to any of the District's claims.

Sam Razjooyan's Motion contains no facts to support a meritorious defense. Instead, he cites his Motion to Dismiss, ECF 44, but that Motion provides not one single fact that would aid this Court in determining the existence of a meritorious defense. *See Shain*, 287 F.R.C. at 87. Next, he states that he "disputes the attribution to him of conduct by separate LLCs, third parties, employees, and other defendants." ECF 45 at 3. This is, at most, a general denial of the portion of the District's allegations that seek to hold him liable for the actions of the LLCs he controlled or the employees or Enterprise members that he directed. However, a general denial, absent actual facts, does not meet the requirement to present a meritorious defense. *Shain*, 287 F.R.D. at 88 ("Defendants' proposed affirmative defenses amount to nothing more than conclusory denials, which the Court rejects.") (internal citations omitted); *see also Shatsky v. Syrian Arab Republic*, 795 F. Supp. 2d 79, 85 (D.D.C. 2011).

Defendant's failure to provide any facts is fatal to his attempt to establish the existence of a meritorious defense. In *Shain*, the Court denied a motion to vacate default, finding that a laundry list of 18 affirmative defenses lacking "*any* factual basis" was not meritorious. 287 F.R.D. at 87 (emphasis in original). "By neglecting to allege facts in their answer or even address their proposed affirmative defenses in their motion, defendants have provided no means by which the Court might assess them, much less conclude that they are meritorious." *Id.* at 88 (*quoting Int'l Painters*, 288 F. Supp. 2d at 28-31). Where, as is the case here, the Defendant provides no facts at all for the Court to consider in assessing the alleged defenses, there is no

basis to find "'even a hint of a suggestion' of a meritorious defense." *Shain*, 287 F.R.D. at 87; (*quoting Keegel*, 627 F.2d at 374).[1]

Furthermore, even if he had put forth facts, his assertions do not amount to a *complete* defense to any of the claims against him. *See Gillespie v. Capitol Reprographics, LLC*, 573 F. Supp. 2d 80, 87 (D.D.C. 2008). Sam Razjooyan denies that he is liable for the actions of LLCs, employees, and Enterprise participants, ECF 45 at 3, but he does not deny liability for his own actions. The District's Complaint pleads facts establishing Sam Razjooyan's liability for each of the claims based on *his own conduct*, as well as theories that hold him accountable for the conduct of people and entities that he controlled. *See generally* ECF 17-1, Complaint at ¶¶ 78-189 (discussing six of the Enterprise's properties in minute detail).

Taking, for example, the District's specific factual allegations regarding 3936 MLK Avenue SE, the District alleges Sam Razjooyan's individual knowledge and ability to control the violations of the illegal housing conditions which give rise to liability under the CPPA,[2] as well as the knowledge and acts that give rise to False Claims Act liability. *See, e.g.*, *id.* ¶ 132 ("Windows at [3639 MLK Avenue SE] were broken and doors were left unlocked, leaving the property open to squatters, prostitution, and drug dealing. The security issues grew increasingly dire. In 2023, a shooting in the basement left a visitor dead. Despite this extreme violence, Sam

---

[1] Regarding the District's claims under the CPPA, Defendants also had ample opportunity to introduce evidence in response to the District's Motion for Preliminary Injunction. They declined to attend the Hearing on the Motion, and, when given a further opportunity by this Court to Oppose the Motion, they again presented no facts or evidence in support of their Opposition. *See* ECF 25. It increasingly appears that facts in Defendants' favor on that claim do not exist.

[2] Based on the allegations in the District's Complaint, as well as evidence submitted with the Motion for a Preliminary Injunction, the Court has already found that the District is "likely to succeed on the merits of its DCCPPA claims." ECF 37 at 17. While this finding occurred under a different standard of review, it buttresses the conclusion that, as the Defendant has presented no facts in his Motion and presented no facts in his favor in opposition to the District's Motion for Preliminary Injunction, *see generally* ECF 25, there can be no meritorious defense to this claim.

Razjooyan did nothing to improve security, and squatters continue to use the basement as their personal space for drug use and trash disposal."); ¶ 139 ("Sam Razjooyan knew [3639 MLK Avenue SE] was not in compliance with H[ousing] Q[uality] S[tandards] and DCHA habitability standards when the Enterprise collected [$521,216 in] housing subsidy payments, but he failed to inform the District and fraudulently misrepresented that the property was in compliance in order to continue to collect housing subsidy payments."). Defendant's general denial of liability based on the conduct of third parties offers no defense to liability based on this conduct by him.

The District also alleges Sam Razjooyan's personal involvement with the facts necessary to establish the predicate acts for establishing liability under RICO. *See, e.g.*, *id.* ¶ 83 ("In April 2022, Sam Razjooyan fraudulently secured a $6,627,234 loan from the Bank of Clarke to refinance [3639 MLK Avenue SE]. In order to obtain the loan, Sam Razjooyan created and provided a fake rent roll to Bank of Clarke."); ¶ 126 ("To obtain financing to acquire [3639 MLK Avenue SE], Sam Razjooyan fraudulently represented to Washington Capital Partners that the existing tenants had agreed to move out of the property, that he would renovate the building to turn the nine one-bedroom units into 12 three-bedroom units, and that he would rent exclusively to tenants with housing subsidies, thereby greatly increasing the value of the property."). Thus, even if facts existed to support a defense to liability for the actions of LLCs and third parties— which they do not— that would not constitute a complete defense to any of the District's claims.

### C. The District Would Suffer Prejudice.

While delay does not in and of itself constitute prejudice, *KPS & Assoc., Inc. v. Designs By FMC, Inc.,* 318 F.3d 1, 15 (1st Cir.2003), courts have found that forcing a party to expend further time and money to collect on a claim as to which there are no meritorious defenses does constitute unfair prejudice. *Int'l Painters*, 288 F. Supp. 2d at 31 (citing *Owatonna Tool Co. v. Pan Am. Container Corp.,* 1985 WL 1319, at *4 (S.D.N.Y.1985)). Importantly, this factor is of

lesser importance than the other two, and this Court has "discretion to deny a motion to vacate if it is persuaded that the default was willful and that the defaulting party has no meritorious defenses." *Int'l Painters*, 288 F. Supp. 2d at 31 (declining to vacate a default judgment); *see Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393-94 (D.D.C. 2005) ("an absence of prejudice to the plaintiff does not *per se* entitle a defendant to relief from the judgment") (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993) ("The prejudice factor is of lesser importance.")). Furthermore, default "provide[s] a useful remedy when a litigant is confronted by an obstructionist adversary and play[s] a constructive role in maintaining the orderly and efficient administration of justice." *KPS & Assoc.*, 318 F. 3d at 13-14 (internal quotations omitted) (upholding denial of motion to vacate default that District Court had based, in part, on party's "duplicitousness," "inconsistencies and implausibilities" in prior representations, and lack of credibility).

Here, requiring the District to litigate its claims against a Defendant who cannot articulate any facts or legal theories which constitute a meritorious defense and whose obstructionist behavior is evident from his actions in many prior court cases would prejudice the District. *Int'l Painters,* 288 F. Supp. 2d at 31; *KPS & Assoc.*, 318 F. 3d at 14. However, even if the Court does not find prejudice to the District, it still may exercise its discretion to deny the Motion. *See Capital Yacht Club*, 228 F.R.D. at 393-94; *Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 244 (2d Cir.1994) (defendant's willful default and the absence of meritorious defenses were sufficient to support declining to vacate the default judgment without a consideration of prejudice to plaintiff); *Matter of Dierschke,* 975 F.2d 181, 185-86 (5th Cir.1992) (when the court finds an intentional failure to file responsive pleadings, it need not find prejudice to plaintiff); *Marziliano v. Heckler,* 728 F.2d 151, 156-57 (2d Cir.1984) (affirming district court's

refusal to set aside default based on willful conduct and lack of meritorious defenses alone). Given the willful failure to meet the Court's deadline, even after being granted an extension, and the lack of any meritorious defense, vacating the entry of default will serve no purpose other than delay.

**CONCLUSION**

For the foregoing reasons, the District respectfully requests that the Court deny the Motion to Vacate. The District requests an oral hearing on this Motion.

Dated: September 15, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

COTY MONTAG
Deputy Attorney General
Public Advocacy Division

JOANNA K. WASIK
Chief, Housing and Environmental Justice Section
MICHAEL S. MAURER
Assistant Chief, Housing and Environmental Justice Section

*/s/ Laura C. Beckerman*
LAURA C. BECKERMAN [1008120]
Senior Trial Counsel
Public Advocacy Division
Laura.Beckerman@dc.gov
(202) 655-7906

*/s/ Matthew Meyer*
MATTHEW MEYER [1045084]
Assistant Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Matthew.Meyer2@dc.gov
(202) 394-9384

*Attorneys for the District of Columbia*

**Certificate of Service**

I certify that, September 15, 2026, service of this filing was completed through the Court's CM/ECF system on all parties so registered and that I caused a copy of this filing to be served via USPS First Class mail as follows:

Sam Razjooyan
115 Bytham Ridge Ln.
Potomac, MD 20854

Houri Razjooyan
117 Bytham Ridge Ln.
Potomac, MD 20854

Eimon Razjooyan
117 Bytham Ridge Ln.
Potomac, MD 20854

*/s/ Matthew W. Meyer*
Matthew W. Meyer