**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DISTRICT OF COLUMBIA,**<br><br>*Plaintiff,*<br>v.<br><br>**ALI RAZJOOYAN,** *et al.*,<br><br>*Defendants.* | Case No.: 26-cv-1210 (CRC) |

**THE DISTRICT OF COLUMBIA'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SAM RAZJOOYAN AND HOURI RAZJOOYAN SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THE PRELIMINARY INJUNCTION ORDER**

Plaintiff, the District of Columbia (the "District"), through the Office of the Attorney General, moves the Court to issue an Order to Show Cause why Defendants Ali "Sam" Razjooyan and Houri Razjooyan (collectively "Defendants") should not be held in contempt of Court for failing to comply with the Court's July 17, 2026 Order and August 10, 2026 Amended Order granting the District's Motion for Preliminary Injunction (the Preliminary Injunction).[1] ECF 30, 36. Not only have Defendants Sam Razjooyan and Houri Razjooyan failed to abate many of the violations of the District's Property Maintenance Code at issue, but they have made false representations to this Court and submitted documentation to the DC Department of Buildings (DOB) that showed no abatement, incomplete abatement, or even falsified evidence of supposed abatement. This inexcusable conduct deserves an appropriate response. Accordingly, the Court should grant the District's Motion, and absent cause shown by the Defendants, the Court should

[1] Defendant Eimon Razjooyan was not subject to the Preliminary Injunction.

impose sanctions against them, including a daily fine to ensure their compliance with the Preliminary Injunction, and award fees to the District for the costs of this Motion.

## BACKGROUND

### I. Procedural History.

On February 12, 2026, the District of Columbia ("the District") filed a Complaint against Ali "Sam" Razjooyan, Eimon ("Ray") Razjooyan, and Houri Razjooyan in D.C. Superior Court under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68, the D.C. Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq*. (DCCPPA), and the D.C. False Claims Act, D.C. Code §§ 2-381.01 *et seq*. On February 12, 2026, the District filed a Motion for Preliminary Injunction against the Defendants in D.C. Superior Court, seeking to ensure that, *inter alia*, the Defendants abate the illegal and inhumane conditions at the five properties under their control. At an evidentiary hearing held before Superior Court Judge Shana Frost Matini, the District presented testimony from a DOB inspector, a D.C. Office of the Attorney General investigator, and tenants at 3615 B Street SE and 1035 48th Street NE. The witnesses testified to raw sewage leaks, fungus growing in bathrooms, trash accumulation in common areas, doors without locks, and pest and rodent infestations. *See* ECF 9-4, Mot. Hr'g Tr. 92:24–93:2, 141:15–17; 118:13–18; 53:22–23, 92:20–23. Defendants did not appear at the hearing, despite notice.

On April 10, 2026, Defendant Sam Razjooyan removed the case to the United States District Court for the District of Columbia under 28 U.S.C. § 1331. On July 17, 2026, this Court granted the District's Motion for Preliminary Injunction in part and denied it in part. ECF 30. On August 10, 2026, the Court issued an amended order to correct a clerical error. ECF 36. The August 10, 2026 Preliminary Injunction is the operative order with regard to this Motion.

The Preliminary Injunction required Sam Razjooyan to:

- Abate all violations of the District of Columbia's Housing Code[2] and Property Maintenance Code at 2840 Langston Place SE, 2850 Langston Place SE, 2908 Langston Place SE, and 3615 B Street SE within 21 days of the Court's Order.[3]
- Submit proof of abatement for all violations of the District of Columbia's Housing Code and Property Maintenance Code for the aforementioned properties within 21 days of the Court's Order.
- Submit proof of licensure for all persons hired to perform work associated with the abatement of District code violations for the aforementioned properties within 21 days of the Court's Order.
- Clear all outstanding Notices of Infraction with the Department of Buildings for the aforementioned properties within 28 days of the Court's Order.

ECF 36. The Preliminary Injunction also required Houri Razjooyan to:

- Abate all violations of the District of Columbia's Housing Code and Property Maintenance Code at 3615 B Street SE within 21 days of the Court's Order.
- Submit proof of abatement for all violations of the District of Columbia's Housing Code and Property Maintenance Code for 3615 B Street SE within 21 days of the Court's Order.
- Submit proof of licensure for all persons hired to perform work associated with the abatement of District code violations for 3615 B Street SE within 21 days of the Court's Order.
- Clear all outstanding Notices of Infraction with the Department of Buildings for 3615 B Street SE within 28 days of the Court's Order.

ECF 36. The deadline for compliance with the Preliminary Injunction for matters to be completed within 21 days expired on August 31, 2026, and it expired on September 7, 2026 for matters to be completed within 28 days. In its Memorandum Opinion, the Court noted that it would reconsider the scope of its order if the properties continued to deteriorate or if Defendants accrue violations at new properties. ECF 37 at 25.

---

[2] All pertinent conditions issues that violate the Housing Code also constitute violations of the Property Maintenance Code. *See generally*, 12-G DCMR (District Property Maintenance Code); 14 DCMR (District Housing Code).

[3] The Preliminary Injunction also included 1036 48th Street NE. However, this property was subsequently sold at foreclosure, so the District has not included it in this Motion. ECF 32.

## II. Failure to Comply with the Preliminary Injunction Regarding 3615 B Street SE.

Defendants submitted misleading and incomplete evidence of abatement to DOB and then falsely certified their compliance with the Preliminary Injunction to this Court. In fact, DOB rejected abatement submissions with false and incomplete information, and five cited violations of the Property Maintenance Code remain unabated.

On August 7, 2026, Houri Razjooyan filed a "Notice of Compliance/Status Report," on behalf of Defendants Houri and Sam Razjooyan with this Court, in which she claimed that "Defendants have submitted proof of abatement for 3615 B Street SE to the District of Columbia Department of Buildings." ECF 35.[4] She further represented that "[p]hotographic evidence of the completed work corresponding to the NOI list is attached in Exhibit A." *Id.* However, ECF 35 contained no exhibits, nor did Houri Razjooyan ever submit any photographic evidence to this Court.

On August 13, 2026, Houri Razjooyan filed a Notice of Compliance/Status Report regarding 3615 B Street SE in which she claimed that "Defendants" have "taken the corrective action required of them" and "[s]ince July 20, 2026, Defendants have submitted proof of abatement for all outstanding NOIs [Notices of Infraction] identified by DOB." ECF 39 at 1-2.

Contrary to their representations to this Court, Defendants did not abate all Notices of Infraction at 3615 B Street SE. After the July 10, 2026 Order, Defendants did submit purported proof of abatement to DOB through its online system. DOB Inspector Mario Cruz reviewed the purported abatement evidence Defendants submitted, and none of the initial submissions resulted in confirmed abatement of the relevant violation. Exhibit 1, Declaration of Mario Cruz at ¶ 12.

[4] While Houri Razjooyan is the sole signatory on the Notices of Compliance/Status Reports submitted to the Court, the Notices state that they are submitted by "Defendants" and make representations on behalf of both Sam Razjooyan and Houri Razjooyan. ECF 35 at 2, ECF 39 at 2.

At least five cited violations of the District's Property Maintenance Code remain unabated today. *Id.* at ¶ 7. In two cases, DOB could not clear the violation because the photographs Defendants submitted appear to be of a *different building* entirely. *Id.* at ¶ 8B-C. In two other cases, the purported evidence of abatement shows only abatement in progress, not completed. *Id.* at ¶¶ 8A, 9A. Finally, a violation for failure to prevent rodent re-infestation remains unabated, because Defendants have not submitted proof that the apartment was treated by a licensed exterminator. *Id.* at ¶ 10B. Furthermore, Defendants have submitted no proof of licensure for work performed, further violating this Court's Order. *See* ECF 36 at 1, 2; ECF 35, 39 ("Notices of Compliance" contain no proof of licensure).

The District's recent inspections of the property confirm that it remains in inhumane condition with many active, unabated, violations of the Property Maintenance Code. OAG investigator Cullen Hamilton inspected the property on August 12, 2026, September 9, 2026, and September 16, 2026. Exhibit 2, Declaration of Cullen Hamilton at ¶¶ 10-12. Mr. Hamilton identified trash, overgrown grass, and rodent burrows on the exterior of the property during each of these inspections. Exhibit 2, Declaration of Cullen Hamilton at ¶¶ 10-12. During Mr. Hamilton's second inspection, he gained access to the interior of the property and observed evidence of water damage and a missing fire extinguisher in the common areas. *Id*. at ¶ 11. He also documented evidence of cockroach infestations, water-damaged walls and ceilings, an exposed electrical outlet, and a missing smoke detector in Unit B2. *Id*. at ¶ 11.

Tenants at the property have seen no discernible improvements since this Court entered the Preliminary Injunction. Exhibit 3, Declaration of Nihesha Browning at ¶ 3. Ms. Browning, the tenant who lives in Unit 201 with her two children, is currently recovering from brain surgery, making the continued illegal conditions in her unit particularly stressful. *Id*. at ¶ 2, 14.

She continues to suffer mice and cockroach infestations, and no exterminator has ever serviced her unit. *Id.* at ¶¶ 2, 4. She continues to have mold in her unit. *Id*. at ¶ 9. Her central air conditioning does not work, and she intermittently suffers from water outages. *Id*. at ¶¶ 8, 10. Since the entry of the Preliminary Injunction, she has not been contacted by the owner and no maintenance workers have come to her unit. *Id*. at ¶ 11. In addition, since the first week of September, a tree that fell in a storm has been partially blocking the steps leading up to the front door of the building and no one has removed it. *Id*. at ¶ 7. Mr. Jackson, the tenant in Unit 301, reports that he has been sweeping the common areas and removing trash from the front of the buildings for the last several months because management has failed to do so. Exhibit 4, Declaration of Wendell Jackson at ¶¶ 2, 4, 5.

Simply put, Defendants Houri Razjooyan and Sam Razjooyan have not complied with this Court's Order to abate the Property Maintenance Code conditions at the property, to submit proof of licensure for workers, to submit proof of abatement, or to clear the Notices of Infraction. To make it appear as if they had complied, they submitted photographs of incomplete abatement and even of a different building to DOB and filed false and misleading Notices of Compliance with this Court.

## III. Submission of False Evidence to DOB That Fire Extinguishers at 3615 B Street SE Were Up-to-Date.

To clear an emergency violation for an expired fire extinguisher, Defendants submitted false evidence of abatement to DOB, and then, when caught, appear to have submitted false information again. On July 26, 2026, Defendants submitted photographs as purported proof that a violation for an expired fire extinguisher, cited as 25NOIE-INS-04058, was abated. *Id.* at ¶ 14. The prefix "NOIE" denotes an emergency violation that DOB requires to be abated within 24 hours of being cited. *Id.* When submitting proof of abatement to DOB, the submitter affirms,

"under penalty of perjury that the foregoing information is true and correct." Exhibit D to *id.* at 1.

DOB Inspector Mario Cruz reviewed the photographs Defendants submitted purporting to show abatement of this emergency violation and concluded that the fire extinguisher's tags had been tampered with—someone had written a "6" over the existing "5" to make it appear that the tag had a 2026 expiration date instead of expiring in 2025. Exhibit 1 at ¶¶ 15-16. Mr. Cruz informed the Defendants of his conclusion on August 4, 2026 and required that they submit additional information, showing actual abatement, to clear the violation. *Id.* Defendants then submitted photographs to DOB showing that new fire extinguishers, different from the ones pictured in the July 26, 2026 submission, appeared to have been installed. *Id.* at ¶ 17; Exhibit E to *id*.

However, appearances were, in this case, deceiving. On September 16, 2026, the OAG investigator Cullen Hamilton went to the property and observed that none of the fire extinguishers at the property looked new. Exhibit 2, Declaration of Cullen Hamilton at ¶ 12. In fact, the fire extinguisher with the same tampered with tags is still in the building. *Id.*




Exhibit 1 at ¶ 16 (DOB highlighting tampered tags in July 26, 2026 submission)




Exhibit 2P (fire extinguisher photographed September 16, 2026)

Thus, 3615 B Street SE continues to have expired fire extinguishers, which puts the safety of its tenants at risk, and Defendants continue their pattern of lies and false statements—doing everything but complying with this Court's Order.

**IV. Failure to Comply with Preliminary Injunction Regarding the Langston Properties.**

Sam Razjooyan has not complied with the Preliminary Injunction requiring him to abate Property Maintenance Code violations at 2840 Langston Place SE, 2850 Langston Place SE, and 2908 Langston Place SE (the "Langston Properties"). Instead, on August 7, 2026, Sam Razjooyan filed a Notice of Compliance/Status Report stating that the Langston Properties "have been under the control of the mortgage holder since January 2025." ECF 33. This claim is unsupported by any evidence and contradicts this Court's finding that "there is ample evidence before the Court that Sam and/or Houri Razjooyan control" the properties at issue. ECF 37 at 19; *see also* ECF 1-16 at 10-16 (summarizing evidence regarding ownership of Langston Properties); ECF 9-3 at Exhibits 13-18, 25-28, 30-33. Furthermore, since the filing of the Motion for Preliminary Injunction, there have been no changes in ownership recorded with the DC Recorder of Deeds with regard to the Langston Properties. Exhibit 2 at ¶ 9. The District is not aware of any lender receiverships at these properties. These properties also remain in deplorable condition, each with numerous unabated Property Maintenance Code violations. *Id.* at ¶¶ 6-8; Exhibit 1 at ¶¶ 18-23.

## ARGUMENT

**I. The District Has Met Its Burden to Show Defendants Houri Razjooyan and Sam Razjooyan Violated this Court's Preliminary Injunction.**

Federal courts possess the inherent power to enforce their orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). As a sanction, civil contempt is designed to "compel obedience to orders and decrees made to enforce the rights and administer the remedies

to which the court has found [private parties] to be entitled." *Potter v. District of Columbia*, 126 F.4th 720, 723 (D.C. Cir. 2025) (quoting *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 328 (1904)). When moving for a civil contempt, the moving party bears the burden of demonstrating by clear and convincing evidence that (1) there was a clear and unambiguous court order in place; (2) that order required certain conduct by Defendants; and (3) Defendants failed to comply with that order. *See Armstrong v. Exec. Off. of the President, Off. of Admin.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993); *SEC v. Bilzerian*, 112 F.Supp.2d 12, 16 (D.D.C. 2000). Once a movant establishes a prima facie case, the burden shifts to the contemnor, who may defend against the evidence presented by the movant. *Bilzerian*, 112 F.Supp.2d at 16. In the present case, the District has carried its burden to demonstrate by clear and convincing evidence that contempt is appropriate.

**A. The Preliminary Injunction Was Clear and Unambiguous and Required Certain Conduct by Defendants Sam Razjooyan and Houri Razjooyan.**

Whether an order is clear and unambiguous enough to justify contempt "depends on the context in which it is issued and the audience to which it is addressed." *In re Holloway*, 995 F.2d 1080, 1082 (D.C. Cir. 1993). The Court's Preliminary Injunction is clear and unambiguous as it "does not leave any reasonable doubt 'as to what behavior was expected and who was expected to behave in the indicated fashion.'" *Commodity Futures Trading Commission v. Trade Exchange Network Limited*, 117 F.Supp.3d 22, 26 (D.D.C. 2015) (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 17 (1st Cir. 1991)).

The Preliminary Injunction is clear and unambiguous as to the conduct required of Houri Razjooyan and Sam Razjooyan. With regard to 3615 B Street SE, it requires both Sam Razjooyan and Houri Razjooyan to (1) abate all violations of the District of Columbia's Housing Code and Property Maintenance Code, (2) submit proof of licensure for all persons hired to perform the abatement work, (3) submit proof of abatement of the Code violations, and (4) clear all outstanding

Notices of Infraction with the DC Department of Buildings (DOB). ECF 36 at 1-2. The Preliminary Injunction further orders Sam Razjooyan to complete these same actions with regard to the Langston Properties. The deadline for compliance with the Preliminary Injunction expired on August 31, 2026 for items 1-3 and September 7, 2026 for item 4. ECF 36. Thus, the requirements of a clear and unambiguous order requiring conduct by the Defendants are easily satisfied here.

**B. Defendants Failed to Comply with the Preliminary Injunction.**

The District has met its burden to show that Houri Razjooyan and Sam Razjooyan violated the requirements of this Court's clear and unambiguous Preliminary Injunction Order, Houri Razjooyan and Sam Razjooyan have failed to comply with the Preliminary Injunction with regard to 3615 B Street SE by failing to (1) abate all Property Maintenance Code Violations by August 31, 2026, (2) submit proof of licensure for all persons hired to perform the abatement work by August 31, 2026, (3) submit proof of abatement of all violations of the Property Maintenance Code by August 31, 2026, and (4) clear all outstanding Notices of Infraction by September 7, 2026. ECF 36 at 1-2.

Indeed, Defendants have not actually abated the Property Maintenance Code violations at 3615 B Street SE. The property remains in deplorable condition with tenants reporting no maintenance efforts since this Court issued the Preliminary Injunction. Exhibits 2-4. Defendants did not submit proof of abatement for all the violations, as five violations remain unabated. Exhibit 1 at ¶ 7. Furthermore, Defendants appear to have attempted to trick DOB into confirming abatement of violations based on photographs of tampered fire extinguisher tags and of a *different building* entirely. Exhibit 1 at ¶¶ 8, 13-17. And, in blatant disregard for the safety of tenants, Defendants did not actually replace the expired fire extinguishers with the tampered tags. *Id.* at ¶ 16-17; Exhibit 2 at ¶ 12; Exhibit 2O-Q. These transparent efforts to deceive DOB and, by

extension, this Court into believing that Defendants have complied when they have not show a willful disregard for this Court's Order.

Likewise, Sam Razjooyan has failed to comply with the Preliminary Injunction regarding the Langston Properties. Instead, he claims, without any evidentiary support, that the properties are no longer under his control. ECF 33. Unsurprisingly, DOB has received no evidence of abatement of any code violations at the Langston Properties addresses since the filing of this case. Exhibit 1, ¶¶ 18-23.

**C. Defendants have no justification for non-compliance.**

Defendants cannot carry their burden to justify their non-compliance with the Court's Preliminary Injunction. *Bilzerian*, 112 F.Supp.2d at 16; *Potter*, 126 F. 4th at 723. For 3615 B Street SE, there is no justification for submitting false, misleading, and incomplete purported proof of abatement to DOB while certifying "compliance" to this Court. *See* Exhibit 1; ECF 35, 39. There is no excuse for falsifying fire extinguisher tags, leaving tenants at significant risk in case of a fire and then submitting photographs of new fire extinguishers that are not actually installed in the building. *See* Exhibit 1 at ¶¶ 13-17; *id* at Exhibit E; Exhibit 2 at 12; Exhibit 2O-Q.

Regarding the Langston Properties, Sam Razjooyan appears to be claiming that they have been under lender control since January 2025, making it impossible for him to comply. *See* ECF 33. However, a defendant who claims impossibility "bear[s] the burden of production" for such an excuse and must "substantiate his inability to comply with the Court's orders categorically and in detail." *Bilzerian*, 112 F. Supp 2d at 16 (internal citations omitted); *see also United States v. Latney's Funeral Home, Inc*. 41 F.Supp.3d 24, 33 (D.D.C. 2014) (requiring Defendants to prove their inability to pay and holding "threadbare and conclusory statements of financial distress, without supporting records or documentation" insufficient). Here, the District has put forth

evidence to establish his control, *see* ECF 1-16 at 10-16; ECF 9-3 at Exhibits 13-18, 25-28, 30-33; Exhibit 2 at ¶ 9, and the Court has found there is "ample evidence" that Sam Razjooyan controls the Langston Properties. ECF 37 at 19. Sam Razjooyan's self-serving statement, absent any evidence in support, is insufficient to carry Defendant's burden here.

## II. Absent Cause Shown, Defendants' Actions is Sanctionable.

The Court should order Defendants to show cause why they should not be sanctioned. Assuming Defendants fail to meet their burden, the District requests that the Court take all appropriate action, including imposing a daily fine to coerce compliance and awarding attorneys' fees to the District.

Following noncompliance with a court order, a civil-contempt proceeding involves the "issuance of a conditional order finding the recalcitrant party in contempt and threatening to impose a specified penalty unless the recalcitrant party purges itself of contempt by complying with prescribed purgation conditions[.]" *NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981). The core purpose of civil contempt sanctions is to "'coerce compliance or compensate a complainant for losses sustained," not to punish." *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.,* 750 F. Supp. 2d 31, 34 (D.D.C. 2010) (quoting *In re Fannie Mae Securities Litigation*, 552 F.3d 814, 823 (D.C. Cir. 2009). Courts have "wide discretion in fashioning remedial sanctions for civil contempt." *Latney's Funeral Home*, 41 F.Supp.3d at 36. A daily fine for each day a contemnor fails to comply with an order is a broadly recognized, valid, and enforceable coercive sanction. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994), 829; *Salazar v. District of Columbia*, 602 F.3d 431, 438 (D.C. Cir. 2010).

Not only have Defendants Houri Razjooyan and Sam Rajooyan defied this Court's Preliminary Injunction by failing to actually abate the violations, they submitted evidence to DOB that was false, misleading, and/or incomplete and then falsely certified their compliance to this

Court. Sanctions are warranted to coerce compliance. The District requests that the Court impose monetary sanctions of $1,000 per day, with escalating sanctions should this daily fine not coerce compliance. *See Giles v. Crawford Edgewood Trenton Terrace*, 911 A.2d. 1223, 1224 (D.C. 2006); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947).

To compensate the District for its time in bringing this Motion, the District further requests that the Court award its attorney's fees incurred in the preparation and litigation of this contempt proceeding. *See Food Lion, Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 n.14 (D.C. Cir. 1997) ("We see no reason why a district court should not be authorized to include legal fees specifically associated with the contempt as part of the compensation that may be ordered to make the plaintiff whole[.]"). Attorneys' fees are warranted to compensate "for money damages sustained as a result of [the Defendant's] noncompliance with [an] [i]njunction [o]rder." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F.Supp.3d 133, 143 (D.D.C. 2015). The Defendants have caused the District to spend time and incur costs that it would have avoided had the Defendants complied with the Preliminary Injunction. Therefore, the Court should award the District's costs and attorneys' fees in amounts to be determined based on a future submission by the District. *See id.*

**CONCLUSION**

For the foregoing reasons, the District respectfully requests that the Court order Defendants Houri Razjooyan and Sam Razjooyan to show cause why they should not be held in contempt of Court. Absent cause shown, the Court should impose a fine of $1,000 per day, each, on Houri Razjooyan and Sam Razjooyan until each Defendant purges their contempt. If the Defendants remain in contempt for more than 14 days, the District respectfully requests the Court escalate

sanctions to further coerce compliance. The District further requests that the Court award the District its fees and costs in bringing this motion.

Dated: September 17, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

COTY MONTAG
Deputy Attorney General
Public Advocacy Division

JOANNA K. WASIK
Chief, Housing and Environmental Justice Section
MICHAEL S. MAURER
Assistant Chief, Housing and Environmental Justice Section

/s/ *Laura C. Beckerman*
LAURA C. BECKERMAN [1008120]
Senior Trial Counsel
Public Advocacy Division
Laura.Beckerman@dc.gov
(202) 655-7906

/s/ *Matthew Meyer*
MATTHEW MEYER [1045084]
Assistant Attorneys General
400 6th Street NW, 10th Floor
Washington, DC 20001
Matthew.Meyer2@dc.gov
(202) 394-9384
*Attorneys for the District of Columbia*

**Certificate of Service**

I certify that, September 17, 2026, service of this filing was completed through the Court's CM/ECF system on all parties so registered and that I caused a copy of this filing to be served via USPS First Class mail as follows:

Sam Razjooyan
115 Bytham Ridge Ln.
Potomac, MD 20854

Houri Razjooyan
117 Bytham Ridge Ln.
Potomac, MD 20854

Eimon Razjooyan
117 Bytham Ridge Ln.
Potomac, MD 20854

*/s/ Laura C. Beckerman*
LAURA C. BECKERMAN